**B1 (Official Form 1) (4/10)**

| United States Bankruptcy Court<br>Northern District of Florida | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Livingston, Brian Deleon | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>Hodge, Rebecca Leann |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>None | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>aka Rebecca Livingston |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):  0855 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):  9830 |
| Street Address of Debtor (No. and Street, City,  and State)<br>407 NW 233rd Terrace<br>Newberry, FL                                   ZIPCODE 32669 | Street Address of Joint Debtor (No. and Street, City, and State<br>407 NW 233rd Terrace<br>Newberry, FL                                   ZIPCODE 32669 |
| County of Residence or of the Principal Place of Business:<br>Alachua | County of Residence or of the Principal Place of Business:<br>Alachua |
| Mailing Address of Debtor (if different from street address):<br><br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of  Business<br>(Check one  box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other      N.A. | ☐ Chapter 7       ☐ Chapter 15 Petition for<br>☐ Chapter 9          Recognition of a Foreign<br>☐ Chapter 11        Main Proceeding<br>☐ Chapter 12       ☐ Chapter 15 Petition for<br>☑ Chapter 13        Recognition of a Foreign<br>                            Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code) | **Nature of Debts**<br>(Check one box)<br>☑ Debts are primarily consumer      ☐ Debts are primarily<br>debts, defined in 11 U.S.C.          business debts<br>§101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or household<br>purpose." |

| Filing Fee (Check one box)<br><br>☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only)  Must attach<br>signed application for the court's consideration certifying that the debtor is unable<br>to pay fee except in installments. Rule 1006(b). See Official Form No. 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only).  Must<br>attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>Check one box:<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D)<br>☐ Debtor is not a small business as defined in 11 U.S.C. § 101(51D)<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on<br>4/01/13 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or<br>more classes, in accordance with  11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information<br>☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1000-<br>5000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 33107-302Y-01710 - Adobe PDF

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Brian Deleon Livingston & Rebecca Leann Hodge |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed: NONE | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: N.A. | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: NONE | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X ___/s/ Lisa C. Cohen_____ 12/19/2011<br>   Signature of Attorney for Debtor(s)    Date |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No

### Exhibit D

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☑ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
#### (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United Sates in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
#### (Check all applicable boxes)

☐ Landlord has a judgment for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable non bankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| B1 (Official Form 1) (4/10) | Page 3 |
|---|---|

**Voluntary Petition**
*(This page must be completed and filed in every case)*

Name of Debtor(s):
Brian Deleon Livingston & Rebecca Leann Hodge

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Brian Deleon Livingston
Signature of Debtor

X  /s/ Rebecca Leann Hodge
Signature of Joint Debtor

Telephone Number (If not represented by attorney)
12/19/2011
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
(Date)

### Signature of Attorney*

X  /s/ Lisa C. Cohen
Signature of Attorney for Debtor(s)

LISA C. COHEN 558291
Printed Name of Attorney for Debtor(s)

Ruff & Cohen
Firm Name

4010 Newberry Road, Ste. G
Address

Gainesville, FL 32607

(352) 376-3601
Telephone Number

12/19/2011
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, 2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

_____

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

**B6 Cover (Form 6 Cover) (12/07)**


# FORM 6. SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Nonpriority Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I - Current Income of Individual Debtor(s)
Schedule J - Current Expenditures of Individual Debtor(s)

Unsworn Declaration under Penalty of Perjury


GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of any amendments thereto must contain a caption as in Form 16B. Subsequent pages should be identified with the debtor's name and case number. If the schedules are filed with the petition, the case number should be left blank

Schedules D, E, and F have been designed for the listing of each claim only once. Even when a claim is secured only in part or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or it part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed on Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

**B6A (Official Form 6A) (12/07)**

In re   <u>Brian Deleon Livingston & Rebecca Leann Hodge</u>        Case No. _____
         **Debtor**                                                              **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Homestead (see attached legal description) Debtor(s)' residence | Fee Simple | W | 170,000.00 | 225,100.78 |
| | | Total ➤ | 170,000.00 | |

(Report also on Summary of Schedules.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-01700 - Adobe PDF

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2190813 2 PGS
2005 NOV 17 01:29 PM BK 3261 PG 862
J. K. "BUDDY" IRBY
CLERK OF CIRCUIT COURT
ALACHUA COUNTY, FLORIDA
CLERK3  Receipt#261259
Doc Stamp-Deed:     1,400.00

Prepared by and return to:
**Ramona M. Chance**
**Attorney at Law**
**Ramona M. Chance**
**4703 NW 53rd Avenue Suite A-3**
**Gainesville, FL 32606**
**352-335-3189**
File Number:  **05-252**

2190813

_____[Space Above This Line For Recording Data]_____

# Warranty Deed

**This Warranty Deed** made this **16th** day of **November 2005**, between **Keith Holder Builders, Inc.,**  **a Florida corporation**, whose post office address is **9316 SW 65th Avenue, Gainesville, FL 32608**, grantor, and **Rebecca Hodge, a single woman**, whose post office address is **407 NW 233rd Terrace, Newberry, FL 32669**, grantee:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth**, that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in **Alachua County, Florida** to-wit:

> **Lot 34, Newberry Oaks, Phase 6, according to the Plat thereof, recorded in Plat Book 26, Page 30, of the Public Records of Alachua County, Florida.**

> **Parcel Identification Number: 01901-060-034**

> Subject to taxes for  **2005** and subsequent years; covenants, conditions, restrictions, easements, reservations and limitations of record, if any.

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold**, the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to **December 31, 2004**.

DoubleTime®

**B6B (Official Form 6B) (12/07)**

In re  <u>Brian Deleon Livingston & Rebecca Leann Hodge</u>          Case No. _____
               **Debtor**                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | | Cash on hand<br>Debtor(s)' residence | W | 12.50 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Wages of head of family in checking and savings account # xxx...7507 at HCA Fed. Credit Union<br>HCA Fed. Credit Union<br>916 NW 66th Street<br>Gainesville, FL 32605 | W | 1,149.40 |
| | | Checking and savings account # xxx...5883 at Sunstate Fed. Credit Union<br>Sunstate Fed. Credit Union<br>14133 W. Newberry Road<br>Newberry, FL 32669 | J | 25.00 |
| | | Checking and savings account # xxx...5067 at Campus USA Credit Union<br>Campus USA Credit Union<br>107 NW 140th Terrace<br>Newberry, FL 32601 | H | 348.14 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Music CDs and DVDs<br>Debtor(s)' residence | H | 280.00 |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-017(0 - Adobe PDF

In re   Brian Deleon Livingston & Rebecca Leann Hodge          Case No. _____
　　　　　　　　　　Debtor                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | Household goods owned jointly (see attached list) Debtor(s)' residence | J | 1,845.00 |
| | | Household goods owned by wife (see attached list) Debtor(s)' residence | W | 330.00 |
| | | Household goods owned by husband (see attached list) Debtor(s)' residence | H | 462.00 |
| 5.   Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Wall pictures Debtor(s)' residence | W | 40.00 |
| 6.   Wearing apparel. | | Clothing Debtor(s)' residence | H | 200.00 |
| | | Clothing Debtor(s)' residence | W | 250.00 |
| 7.   Furs and jewelry. | | Women's watch Debtor(s)' residence | W | 5.00 |
| | | 2 diamond rings under Helzburg Diamonds Debtor(s)' residence | W | 300.00 |
| | | Costume jewelry Debtor(s)' residence | W | 50.00 |
| 8.   Firearms and sports, photographic, and other hobby equipment. | | Camera Debtor(s)' residence | W | 35.00 |
| 9.   Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.   Annuities.  Itemize and name each issuer. | X | | | |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 33107-302Y-017I0 - Adobe PDF

Household goods owned jointly as tenants by the entirety by Brian Livingston and Rebecca Hodge

| Item | Value | Amount claimed exempt |
|---|---|---|
| 2 Coffee tables (5 years old) | 25.00 | 25.00 |
| 2 Dining room table and chairs (1 and 5 years old) | 400.00 | 400.00 |
| 2 Dressers (1 and 5 years old) | 115.00 | 115.00 |
| 2 End tables | 50.00 | 50.00 |
| 2 Full size beds | 100.00 | 100.00 |
| 4 Phones | 80.00 | 80.00 |
| 5 Lamps (5 years old) | 50.00 | 50.00 |
| Asst. hand garden tools (3 years old) | 10.00 | 10.00 |
| Blender (3 years old) | 25.00 | 25.00 |
| Bookshelves (2 years old) | 30.00 | 30.00 |
| Dryer | 200.00 | 200.00 |
| Hutch | 75.0 | 75.00 |
| King size bed 93 years old 0 | 100.00 | 100.00 |
| Microwave (3 years old) | 20.00 | 20.00 |
| Refrigerator (5 years old) | 100.00 | 100.00 |
| Stove (5 years old) | 100.00 | 100.00 |
| Toaster (3 years old) | 5.00 | 5.00 |
| Vacuum | 35.00 | 35.00 |
| Wall mirror (2 years old) | 25.00 | 25.00 |
| Washer | 300.00 | 300.00 |
| Total household goods | $ 1,845.00 | $ 1,845.00 |

## Household goods owned by Brian Livingston

| Item | Value | Amount claimed exempt |
|---|---|---|
| 2 TV sets | 250.00 | 250.00 |
| Asst. hand tools (2 years old) | 40.00 | 40.00 |
| CD player (4 years old) | 35.00 | 35.00 |
| Drill | 5.00 | 5.00 |
| DVD player (3 years old) | 20.00 | 20.00 |
| Grill, barbeque | 2.00 | 2.00 |
| Shaver (2 years old) | 10.00 | 10.00 |
| Stereo and speakers (8 years old) | 100.00 | 100.00 |
| Total household goods | $ 462.00 | $ 462.00 |

## Household goods by Rebecca Hodge

| Item | Value | Amount claimed exempt |
|---|---|---|
| 2 Crock pots (3 years old) | 25.00 | 25.00 |
| Blow dryer | 5.00 | 5.00 |
| Christmas decorations (2 years old) | 60.00 | 60.00 |
| Clock (5 years old) | 2.00 | 2.00 |
| Clock radio (4 years old) | 3.00 | 3.00 |
| Cookware (4 years old) | 30.00 | 30.00 |
| Curling iron | 5.00 | 5.00 |
| Curtains (2 years old) | 10.00 | 10.00 |
| Dishes, glasses, utensils (2 years old) | 10.00 | 10.00 |
| Iron and board (2 years old) | 15.00 | 15.00 |
| Linens, bedclothes, etc. | 100.00 | 100.00 |
| Luggage (4 years old) | 25.00 | 25.00 |
| Toaster (3 years old) | 5.00 | 5.00 |
| Vacuum | 35.00 | 35.00 |
| Total household goods | $ 330.00 | $ 330.00 |

In re   Brian Deleon Livingston & Rebecca Leann Hodge                    Case No. _____
                    **Debtor**                                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | IRA account # xxx...8177 with Fidelity Fidelity P.O. Box 770001 Cincinnati, OH 45277-0002 | W | 50.00 |
| | | 401(k) account # xxx...4658 with Fidelity Fidelity P.O. Box 770001 Cincinnati, OH 45277-0002 | H | 4,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled. Give particulars. | | Debtor's right to receive child support in the future Debtor(s)' residence | W | Indeterminate |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims. Give estimated value of each. | X | | | |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-01710 - Adobe PDF

In re    Brian Deleon Livingston & Rebecca Leann Hodge                                      Case No. _____
_____
                    **Debtor**                                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22.  Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23.  Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | | 2004 Mitsubishi Endeavor with 98,000 miles  Debtor(s)' residence | W | 5,662.00 |
| | | 2005 Chevrolet Colorado w/125,000 miles  Debtor(s)' residence | H | 9,562.00 |
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |

_____0_____          continuation sheets attached          Total          $          24,606.04

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

B6C (Official Form 6C)  (04/10)

In re   Brian Deleon Livingston & Rebecca Leann Hodge                     Case No. _____
                    **Debtor**                                                                    **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐   11 U.S.C. § 522(b)(2)                    ☐  Check if debtor claims a homestead exemption that exceeds
☑   11 U.S.C. § 522(b)(3)                        $146,450*.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Wages of head of family in checking and savings account # xxx...7507 at HCA Fed. Credit Union | (Wife)§222.11, Fla. Stat. | 1,149.40 | 1,149.40 |
| Homestead (see attached legal description) | (Wife)Art. X §4(a)(1) Fla. Const. | 0.00 | 170,000.00 |
| 2004 Mitsubishi Endeavor with 98,000 miles | (Wife)§222.25(1), Fla. Stat | 1,000.00 | 5,662.00 |
| Household goods owned jointly (see attached list) | (Husb)Art. X §4(a)(2) Fla. Const. (Wife)Art. X §4(a)(2) Fla. Const. | 922.50 922.50 | 1,845.00 |
| Household goods owned by wife (see attached list) | (Wife)Art. X §4(a)(2) Fla. Const. | 77.50 | 330.00 |
| Household goods owned by husband (see attached list) | (Husb)Art. X §4(a)(2) Fla. Const. | 77.50 | 462.00 |
| IRA account # xxx...8177 with Fidelity | (Wife)§222.21, Fla. Stat. | 50.00 | 50.00 |
| 401(k) account # xxx...4658 with Fidelity | (Husb)§222.21, Fla. Stat. | All | 4,000.00 |
| 2005 Chevrolet Colorado w/125,000 miles | (Husb)§222.25(1), Fla. Stat | 1,000.00 | 9,562.00 |

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-01710 - Adobe PDF

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2190813 2 PGS
2005 NOV 17 01:29 PM BK 3261 PG 862
J. K. "BUDDY" IRBY
CLERK OF CIRCUIT COURT
ALACHUA COUNTY, FLORIDA
CLERK3  Receipt#261259
Doc Stamp-Deed:    1,400.00

Prepared by and return to:
**Ramona M. Chance**
**Attorney at Law**
**Ramona M. Chance**
**4703 NW 53rd Avenue Suite A-3**
**Gainesville, FL 32606**
**352-335-3189**
File Number: **05-252**

2190813

_____ [Space Above This Line For Recording Data] _____

# Warranty Deed

**This Warranty Deed** made this **16th** day of **November 2005**, between **Keith Holder Builders, Inc.,** a **Florida corporation**, whose post office address is **9316 SW 65th Avenue, Gainesville, FL 32608**, grantor, and **Rebecca Hodge, a single woman**, whose post office address is **407 NW 233rd Terrace, Newberry, FL 32669**, grantee:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth**, that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in **Alachua County, Florida** to-wit:

> **Lot 34, Newberry Oaks, Phase 6, according to the Plat thereof, recorded in Plat Book 26, Page 30, of the Public Records of Alachua County, Florida.**
>
> **Parcel Identification Number: 01901-060-034**

> Subject to taxes for **2005** and subsequent years; covenants, conditions, restrictions, easements, reservations and limitations of record, if any.

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold**, the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to **December 31, 2004.**

DoubleTime®

Household goods owned jointly as tenants by the entirety by Brian Livingston and Rebecca Hodge

| Item | Value | Amount claimed exempt |
|------|-------|-----------------------|
| 2 Coffee tables (5 years old) | 25.00 | 25.00 |
| 2 Dining room table and chairs (1 and 5 years old) | 400.00 | 400.00 |
| 2 Dressers (1 and 5 years old) | 115.00 | 115.00 |
| 2 End tables | 50.00 | 50.00 |
| 2 Full size beds | 100.00 | 100.00 |
| 4 Phones | 80.00 | 80.00 |
| 5 Lamps (5 years old) | 50.00 | 50.00 |
| Asst. hand garden tools (3 years old) | 10.00 | 10.00 |
| Blender (3 years old) | 25.00 | 25.00 |
| Bookshelves (2 years old) | 30.00 | 30.00 |
| Dryer | 200.00 | 200.00 |
| Hutch | 75.0 | 75.00 |
| King size bed 93 years old 0 | 100.00 | 100.00 |
| Microwave (3 years old) | 20.00 | 20.00 |
| Refrigerator (5 years old) | 100.00 | 100.00 |
| Stove (5 years old) | 100.00 | 100.00 |
| Toaster (3 years old) | 5.00 | 5.00 |
| Vacuum | 35.00 | 35.00 |
| Wall mirror (2 years old) | 25.00 | 25.00 |
| Washer | 300.00 | 300.00 |
| Total household goods | $ 1,845.00 | $ 1,845.00 |

## Household goods owned by Brian Livingston

| Item | Value | Amount claimed exempt |
| --- | --- | --- |
| 2 TV sets | 250.00 | 250.00 |
| Asst. hand tools (2 years old) | 40.00 | 40.00 |
| CD player (4 years old) | 35.00 | 35.00 |
| Drill | 5.00 | 5.00 |
| DVD player (3 years old) | 20.00 | 20.00 |
| Grill, barbeque | 2.00 | 2.00 |
| Shaver (2 years old) | 10.00 | 10.00 |
| Stereo and speakers (8 years old) | 100.00 | 100.00 |
| Total household goods | $ 462.00 | $ 462.00 |

## Household goods by Rebecca Hodge

| Item | Value | Amount claimed exempt |
| --- | --- | --- |
| 2 Crock pots (3 years old) | 25.00 | 25.00 |
| Blow dryer | 5.00 | 5.00 |
| Christmas decorations (2 years old) | 60.00 | 60.00 |
| Clock (5 years old) | 2.00 | 2.00 |
| Clock radio (4 years old) | 3.00 | 3.00 |
| Cookware (4 years old) | 30.00 | 30.00 |
| Curling iron | 5.00 | 5.00 |
| Curtains (2 years old) | 10.00 | 10.00 |
| Dishes, glasses, utensils (2 years old) | 10.00 | 10.00 |
| Iron and board (2 years old) | 15.00 | 15.00 |
| Linens, bedclothes, etc. | 100.00 | 100.00 |
| Luggage (4 years old) | 25.00 | 25.00 |
| Toaster (3 years old) | 5.00 | 5.00 |
| Vacuum | 35.00 | 35.00 |
| Total household goods | $ 330.00 | $ 330.00 |

B6D (Official Form 6D) (12/07)

In re ___Brian Deleon Livingston & Rebecca Leann Hodge___     Case No. _____
                  **Debtor**                                                                 **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

  List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

  If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

  If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

  Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. xxx...3669<br><br>Bank of America/The Bank of New York<br>P.O. Box 650070<br>Dallas, TX 75265-0070 | | W | Incurred: 7/10<br>Lien: 1st mortgage<br>Security: Homestead (see attached legal description)<br><br>VALUE $     170,000.00 | | | | 194,766.45 | 24,766.45 |
| ACCOUNT NO. xxx...7042<br><br>Helzberg Diamonds<br>P. O. Box 49353<br>San Jose, CA 95161-9653 | | H | Incurred: 2/10<br>Lien: Consumer goods lien<br>Security: 2 diamond rings<br><br>VALUE $     300.00 | | | | 655.65 | 355.65 |
| ACCOUNT NO. xxx...1039<br><br>Ocwen Loan Servicing, LLC<br>P.O. Box 6440<br>Carol Stream, IL 60197-6440 | | W | Incurred: 10/11<br>Lien: 2nd mortgage<br>Security: Homestead (see attached legal description)<br><br>VALUE $     170,000.00 | | | | 30,334.33 | 30,334.33<br>This amount based upon existence of Superior Liens |

___0___ continuation sheets attached

Subtotal ▶   $ 225,756.43   $ 55,456.43
(Total of this page)

Total ▶   $ 225,756.43   $ 55,456.43
(Use only on last page)

(Report also on Summary of Schedules)   (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-017l0 - Adobe PDF

**B6E (Official Form 6E) (04/10)**

In re  Brian Deleon Livingston & Rebecca Leann Hodge  ,        Case No._____
                                    Debtor                                                                                      (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 33107-302Y-01710 - Adobe PDF

**B6E (Official Form 6E) (04/10) - Cont.**

In re  Brian Deleon Livingston & Rebecca Leann Hodge ,    Case No._____
           Debtor                                                         (if known)

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

___1___  **continuation sheets attached**

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 33107-302Y-01710 - Adobe PDF

**B6E (Official Form 6E) (04/10) - Cont.**

In re  Brian Deleon Livingston & Rebecca Leann Hodge ,       Case No. _____
              **Debtor**                                                                    **(If known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)     Sec. 507(a)(8)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above..)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   xxx...0855 <br><br> Department of Treasury <br> Internal Revenue Service <br> Atlanta, GA 39901-0025 | | H | Incurred: 4/11 <br> Consideration: Taxes | | | | 3,500.00 | 3,500.00 | 0.00 |
| ACCOUNT NO. <br><br> Florida Dept of Ag & Consumer Svcs <br> The Capitol <br> Tallahassee, FL 32399-0800 | | H | Incurred: 2009 <br> Consideration: fine for operation of business | | | | 1,100.00 | 1,100.00 | 0.00 |
| ACCOUNT NO. <br><br> | | | | | | | | | |
| ACCOUNT NO. <br><br> | | | | | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotal <br> (Totals of this page) ➤ | $ 4,600.00 | $ | $ |
| Total ➤ <br> (Use only on last page of the completed Schedule E.)  Report also on the Summary of Schedules) | $ 4,600.00 | | |
| Totals ➤ <br> (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | $ | $ 4,600.00 | $ 0.00 |

B6F (Official Form 6F) (12/07)

In re   Brian Deleon Livingston & Rebecca Leann Hodge          Case No. _____
_____
        **Debtor**                                                        **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   xxx...0113; xxx...5397<br><br>1st Choice Immediate Care Center<br>128 Northwest 137th Drive<br>Newberry, FL 32669 | | W | Incurred: 7/08; 7/11<br>Consideration: Medical services | | | | 104.42 |
| ACCOUNT NO.   xxx...0001<br><br>1st Choice Immediate Care Center<br>128 NW 137th Drive<br>Newberry, FL 32669 | | H | Incurred: 10/10; 11/11<br>Consideration: Medical services | | | | 152.04 |
| ACCOUNT NO.   xxx...8697<br><br>Applied Bank<br>P.O. Box 17120<br>Wilmington, DE 19886-7120 | | H | Consideration: Credit Card | | | | 608.70 |
| ACCOUNT NO.   xxx...2766<br><br>Betsy B. Beers, MD/Dermatology Assoc.<br>350 NW 76th Drive, Suite A<br>Gainesville, FL 32607-6663 | | W | Incurred: 9/10<br>Consideration: Medical services | | | | 511.65 |

___6___continuation sheets attached

Subtotal ➤  $         1,376.81

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-0171O - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re  Brian Deleon Livingston & Rebecca Leann Hodge  ,          Case No. _____
                    **Debtor**                                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  xxx...4515<br><br>Campus USA Credit Union<br>P.O. Box 96099<br>Charlotte, NC 28296-0099 | | H | Consideration: Signature loan | | | | 2,231.71 |
| ACCOUNT NO.  xxx...8294<br><br>Chiropractic Associates of Gainesville<br>3703 SW 13th Street<br>Gainesville, FL 32608 | | W | Incurred: 6/10<br>Consideration: Medical services | | | | 51.00 |
| ACCOUNT NO.  xxx...4350<br><br>Clinical Pathology Laboratories<br>6490 Hazeltine National Drive, Suite 170<br>Orlando, FL 32822-5155 | | W | Incurred: 9/10<br>Consideration: Medical services | | | | 148.40 |
| ACCOUNT NO.<br><br>Credit Collections USA<br>A/F Betsy B. Beers, MD<br>16 Distributor Drive, Suite 1<br>Morgantown, WV 26501-9920 | | | | | | | Notice Only |
| ACCOUNT NO.<br><br>Credit Collections USA<br>A/F Southeast Integrated Medica.<br>256 Greenbag Road, Suite 1<br>Morgantown, WV 26507-0873 | | | | | | | Notice Only |

Sheet no. 1 of 6 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal➤  $  2,431.11

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-01710 - Adobe PDF

**B6F (Official Form 6F) (12/07) - Cont.**

In re   Brian Deleon Livingston & Rebecca Leann Hodge   ,          Case No. _____
              **Debtor**                                                                      **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| Credit Collections USA A/F Southeast Integrated Medica. P.O Box 873 Morgantown, WV 26507-0873 | | | | | | | Notice Only |
| ACCOUNT NO. | | | | | | | |
| Diversified Consultants A/F T-Mobile P.O. Box 551268 Jacksonville, FL 32255-1268 | | | | | | | Notice Only |
| ACCOUNT NO.  xxx...2697 | | | Incurred: 6/10 Consideration: Medical services | | | | |
| Doctors Imaging Group P.O. Box 147026 Gainesville, FL 32614 | | W | | | | | 3.24 |
| ACCOUNT NO.  xxx...2246 | | | Incurred: 6/11 Consideration: Gym membership | | | | |
| Gainesville Health & Fitness 12830 SW 1st Lane Newberry, FL 32669 | | W | | | | | 67.90 |
| ACCOUNT NO.  xxx...3383 | | | Consideration: Gym membership | | | | |
| Gainesville Health & Fitness 4820 Newberry Road Gainesville, FL 32607 | | H | | | | | 155.88 |

Sheet no. __2__ of __6__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤          $          227.02

Total ➤          $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 33107-302Y-01710 - Adobe PDF

**B6F (Official Form 6F) (12/07) - Cont.**

In re  <u>Brian Deleon Livingston & Rebecca Leann Hodge</u>,     Case No. _____
             **Debtor**                                                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   xxx...1654 <br><br> GE Capital Retail Bank <br> c/o Leading Edge Recovery Sol. <br> 5440 N. Cumberland Avenue, Suite 300 <br> Chicago, IL 60656-1490 | | H | | | | | 306.95 |
| ACCOUNT NO. <br><br> Gladstone Law Group, P.A. <br> A/F Bank of America/Bank of New York <br> 1499 W. Palmetto Park Road, Suite 300 <br> Boca Raton, FL 33486 | | | | | | | Notice Only |
| ACCOUNT NO. <br><br> Gulf Coast Collection Bureau <br> A/F University of Florida Physicians <br> 5630 Marquesas Circle <br> Sarasota, FL 34233 | | | | | | | Notice Only |
| ACCOUNT NO. <br><br> HSBC <br> A/F Helzberg Diamonds <br> P.O. Box 5226 <br> Carol Stream, IL 60197-5226 | | | | | | | Notice Only |
| ACCOUNT NO.  1482 <br><br> HSBC <br> P.O. Box 5222 <br> Carol Stream, IL 60197-5222 | | H | Incurred: last used 2011 <br> Consideration: Credit Card | | | | 287.05 |

Sheet no. _3_ of _6_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤   $   594.00

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 33107-302Y-01710 - Adobe PDF

B6F (Official Form 6F) (12/07) (12/07) - Cont.

In re   Brian Deleon Livingston & Rebecca Leann Hodge           ,
_____
**Debtor**

Case No. _____
**(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   xxx...6510<br><br>Laboratory Corp. of America Holdings<br><br>P.O. Box 2240<br>Burlington, NC 27216-2240 | | H | Incurred: 9/11<br>Consideration: Medical services | | | | 20.81 |
| ACCOUNT NO.<br><br>Leading Edge Recovery Sol.<br>A/F GE Capital Retail Bank<br>5440 N. Cumberland Avenue, Suite 300<br>Chicago, IL 60656-1490 | | | | | | | Notice Only |
| ACCOUNT NO.<br><br>MACD<br>A/F 1st Choice Immediate Care Center<br>P.O. Box 2842<br>Tampa, FL 33601-2842 | | | | | | | Notice Only |
| ACCOUNT NO.<br><br>McKenzie Noel<br>4183 Brooker St.<br>Orlando, FL 32811 | | | Incurred: 2011<br>Consideration: possible liability from auto accident | X | X | | Notice Only |
| ACCOUNT NO.   7600<br><br>Park Avenue Dental<br>912-B NW 56 Terrace<br>Gainesville, FL 32605-6404 | | W | Incurred: 2011<br>Consideration: Medical services | | | | 381.20 |

Sheet no. __4__ of __6__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤   $   402.01

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-017I0 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re  Brian Deleon Livingston & Rebecca Leann Hodge   ,          Case No. _____
                    **Debtor**                                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  xxx...9830 <br><br> Sallie Mae <br> P.O. Box 9500 <br> Wilkes Barre, PA 18773-9500 | | W | Incurred: 7/04 <br> Consideration: Student loan | | | | 25,921.83 |
| ACCOUNT NO.  xxx...1774 <br><br> Shands Healthcare <br> P.O. Box 48458 <br> Oak Park, MI 48237 | | W | Incurred: 8/11 <br> Consideration: Medical services | | | | 127.80 |
| ACCOUNT NO.  xxx...9962 <br><br> Southeast Integarted Medical <br> 4881 NW 8th Avenue, Suite 2 <br> Gainesville, FL 32605-4218 | | H | Incurred: 3/26-6/10 <br> Consideration: Medical services | | | | 380.34 |
| ACCOUNT NO.  xxx...2128 <br><br> Stephen E. Landay, M.D. <br> 7109 NW 11th Place, Suite E <br> Gainesville, FL 32669 | | W | Incurred: 8/11 <br> Consideration: Medical services | | | | 67.34 |
| ACCOUNT NO. <br><br> Stuart Sussman <br> 137 Eighth St. <br> W. Keansburg, NJ 07734 | | | Incurred: 2011 <br> Consideration: possible liability from auto accident | X | | X | Notice Only |

Sheet no.  5  of  6  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  $      26,497.31

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-0170 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re  Brian Deleon Livingston & Rebecca Leann Hodge   ,          Case No. _____
                        **Debtor**                                                                      **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  xxx...5535 <br><br> T-Mobile <br> 3606 Southwest Archer Road <br> Gainesville, FL 32608 | | W | Incurred: 5/11 <br> Consideration: Cellular service | | | | 140.24 |
| ACCOUNT NO.  xxx...3522 <br><br> University of Florida Physicians <br> P.O. Box 830913 <br> Birmingham, AL 35283-0913 | | W | Incurred: 8/11 <br> Consideration: Medical services | | | | 228.57 |
| ACCOUNT NO.  xxx...4567; xxx...2318; xxx...608 <br><br> University of Florida Physicians <br> P.O. Box 830913 <br> Birmingham, AL 35283-0913 | | W | Incurred: 9/11 <br> Consideration: Medical services | | | | 224.56 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no.  6  of  6  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ► $  593.37

Total ► $  32,121.63

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-01710 - Adobe PDF

B6G (Official Form 6G) (12/07)

In re  Brian Deleon Livingston & Rebecca Leann Hodge      Case No. _____
                     **Debtor**                                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**B6H (Official Form 6H) (12/07)**

In re ____Brian Deleon Livingston & Rebecca Leann Hodge____          Case No. _____
                               **Debtor**                                                                 **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-01710 - Adobe PDF

B6I (Official Form 6I) (12/07)

In re  Brian Deleon Livingston & Rebecca Leann Hodge

Case

Debtor                                                                              (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status:    Married | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): son, daughter | AGE(S): 16, 12 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Manager | Center Manager |
| Name of Employer | Walgreens | Vascular Access Center |
| How long employed | 10 years | 3 years 9 months |
| Address of Employer | 14040 W. Newberry Road | 932 NW 56th Terrace |
| | Newberry, FL 32669 | Gainesville, FL 32605 |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 5,130.42 | $ 5,685.33 |
| 2. | Estimated monthly overtime | $ 0.00 | $ 0.00 |
| 3. | SUBTOTAL | $ 5,130.42 | $ 5,685.33 |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a. Payroll taxes and social security | $ 1,068.53 | $ 927.78 |
| | b. Insurance | $ 114.07 | $ 260.88 |
| | c. Union Dues | $ 0.00 | $ 0.00 |
| | d. Other (Specify: _(D)retirement_____) | $ 102.61 | $ 0.00 |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $ 1,285.21 | $ 1,188.66 |
| 6.. | TOTAL NET MONTHLY TAKE HOME PAY | $ 3,845.21 | $ 4,496.67 |
| 7. | Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. | Income from real property | $ 0.00 | $ 0.00 |
| 9. | Interest and dividends | $ 0.00 | $ 0.00 |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 209.00 |
| 11. | Social security or other government assistance ( Specify) _____ | $ 0.00 | $ 0.00 |
| 12. | Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. | Other monthly income _____ (Specify) _____ | $ 0.00 | $ 0.00 |
| | | $ 0.00 | $ 0.00 |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ 209.00 |
| 15. | AVERAGE MONTHLY INCOME (Add amounts shown on Lines 6 and 14) | $ 3,845.21 | $ 4,705.67 |
| 16. | COMBINED AVERAGE  MONTHLY INCOME  (Combine column totals from line 15) | $ 8,550.88 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

Child support is not paid regularly

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 33107-302Y-01710 - Adobe PDF

In re  Brian Deleon Livingston & Rebecca Leann Hodge                    Case No. _____
_____                                              (if known)
**Debtor**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $  1,524.48 |
| a. Are real estate taxes included?        Yes __✔__ No _____ | |
| b. Is property insurance included?        Yes __✔__ No _____ | |
| 2. Utilities: a. Electricity and heating fuel | $  260.00 |
| b. Water and sewer | $  105.00 |
| c. Telephone | $  200.00 |
| d. Other  Satellite and internet $210; lawn care $160 | $  370.00 |
| 3. Home maintenance (repairs and upkeep) | $  100.00 |
| 4. Food | $  700.00 |
| 5. Clothing | $  200.00 |
| 6. Laundry and dry cleaning | $  75.00 |
| 7. Medical and dental expenses | $  245.00 |
| 8. Transportation (not including car payments) | $  650.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $  100.00 |
| 10.Charitable contributions | $  50.00 |
| 11.Insurance (not deducted from wages or included in home mortgage payments) | |
| a. Homeowner's or renter's | $  0.00 |
| b. Life | $  0.00 |
| c. Health | $  0.00 |
| d.Auto | $  185.00 |
| e. Other_____ | $  0.00 |
| 12.Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify)_____ | $  0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
| a. Auto | $  0.00 |
| b. Other _____ | $  0.00 |
| c. Other _____ | $  0.00 |
| 14. Alimony, maintenance, and support paid to others | $  0.00 |
| 15. Payments for support of additional dependents not living at your home | $  0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $  0.00 |
| 17. Other        Haircuts; school lunches and activities | $  375.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.  Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data) | $  5,139.48 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

None
_____
_____
_____

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| a. Average monthly income from Line 15 of Schedule I  (Includes spouse income of $4,705.67.  See Schedule I) | $  8,550.88 |
| b. Average monthly expenses from Line 18 above | $  5,139.48 |
| c. Monthly net income (a. minus b.)        (Net includes Debtor/Spouse combined Amounts) | $  3,411.40 |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-01710 - Adobe PDF

**B6 Summary (Official Form 6 - Summary) (12/07)**

# United States Bankruptcy Court
## Northern District of Florida

In re ___Brian Deleon Livingston & Rebecca Leann Hodge___

Debtor

Case No. _____

Chapter ___13___

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

**AMOUNTS SCHEDULED**

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | YES | 1 | $  170,000.00 | | |
| B – Personal Property | YES | 4 | $   24,606.04 | | |
| C – Property Claimed as exempt | YES | 1 | | | |
| D – Creditors Holding Secured Claims | YES | 1 | | $  225,756.43 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $   4,600.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 7 | | $  32,121.63 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $   8,550.88 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $   5,139.48 |
| **TOTAL** | | 21 | $  194,606.04 | $  262,478.06 | |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-01710 - Adobe PDF

# United States Bankruptcy Court
### Northern District of Florida

In re    Brian Deleon Livingston & Rebecca Leann Hodge

Debtor

Case No. _____

Chapter    13

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 4,600.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 4,600.00 |

**State the Following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $ 8,550.88 |
| Average Expenses (from Schedule J, Line 18) | $ 5,139.48 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR** Form 22C Line 20 ) | $ 10,667.59 |

**State the Following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 55,456.43 |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 4,600.00 | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4.  Total from Schedule F | | $ 32,121.63 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 87,578.06 |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-01710 - Adobe PDF

In re ___Brian Deleon Livingston & Rebecca Leann Hodge___    Case No. _____

**Debtor**                                                 **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___23___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___12/19/2011___                        Signature: ___/s/ Brian Deleon Livingston___

                                                                    **Debtor**

Date ___12/19/2011___                        Signature: ___/s/ Rebecca Leann Hodge___

                                                            **(Joint Debtor, if any)**

                                            **[If joint case, both spouses must sign.]**

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    _____
Printed or Typed Name and Title, if any,          Social Security No.
of Bankruptcy Petition Preparer               *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____
Address

X _____    _____
    Signature of Bankruptcy Petition Preparer                        Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets *(total shown on summary page plus 1),* and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____

                                                   **[Print or type name of individual signing on behalf of debtor.]**

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Florida

In Re  Brian Deleon Livingston & Rebecca Leann Hodge                    Case No. _____
                                                                                        (if known)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | SOURCE |
|---|---|---|
| 2011(db) | 64,887.09 | Walgreens |
| 2010(db) | 62,378.69 | Walgreens |
| 2009(db) | 61,595.59 | Walgreens |
| 2011(jdb) | 67,289.43 | Vascular Access Center |
| 2010(jdb) | 69,631.99 | Vascular Access Center |
| 2009(jdb) | 69,844.99 | Vascular Access Center |

**2.    Income other than from employment or operation of business**

None

☐
   State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

(db)

(db)

| 12/09-12/11(jdb) 7,668.45 | Child support |
|---|---|

(jdb)

---

None

☐

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

*a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Wells Fargo<br>P.O. Box 60510<br>Los Angeles, CA 90060-0510 | within the last 90 days | 1,671.60 | 8,625.36 |

None


*b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative  repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after date of adjustment.*

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

*c. All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None

a.     List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| The Bank of New York Mellon et al. vs. Rebecca Hodge, et al. Case no: 2011-CA-4512-MG | Mortgage foreclosure | The Circuit Court of the Eighth Judicial Circuit, Alachua County, Florida | Pending |

None    b.    Describe all property that has been attached, garnished or seized under any legal or equitable process
☒      within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter
       12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint
       petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**5.    Repossessions, foreclosures and returns**

None        List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a
☒      deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement
       of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning
       property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
       joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6.   Assignments and Receiverships**

None    a.    Describe any assignment of property for the benefit of creditors made within 120 days immediately
☒      preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include
       any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated
       and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None    b.    List all property which has been in the hands of a custodian, receiver, or court-appointed official within
☒      one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or
       chapter 13 must include information concerning property of either or both spouses whether or not a joint petition
       is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-01710 - Adobe PDF

**7.  Gifts**

None ☐     List all gifts or charitable contributions made within one year immediately preceding the commencement of this case, except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.   (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |
| Grace Baptist Church 7100 NW 39th Avenue Gainesville, FL 32606 | none | within the last 9 months | Charitable donations of $50 per month with the total of $450. |

**8.  Losses**

None ☒     List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.   (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9.  Payments related to debt counseling or bankruptcy**

None ☐     List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| Ruff & Cohen, P. A. 4010 Newberry Road, Suite G Gainesville, FL 32607 | 11/18/11; 12/6/11 | $1684.00 atty's fee |
| Advantage Debt Management of America | 12/19/11 | $35.00 |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 33107-302Y-017I0 - Adobe PDF

**10. Other transfers**

None    a.    List all other property, other than property transferred in the ordinary course of the business or financial
☒        affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the
         commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by
         either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition
         is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

b.    List all property transferred by the debtor within ten years immediately preceding the commencement of this
case to a self-settled trust or similar device of which the debtor is a beneficiary.

None
☒

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor
☒        which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of
         this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments;
         shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage
         houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include
         information concerning accounts or instruments held by either or both spouses whether or not a joint petition is
         filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other
☒        valuables within one year immediately preceding the commencement of this case.    (Married debtors filing
         under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a
         joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.  Setoffs**

None    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90
☒    days preceding the commencement of this case.    (Married debtors filing under chapter 12 or chapter 13 must
include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses
are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None    List all property owned by another person that the debtor holds or controls.
☐

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| T. Matthews<br>407 NW 233rd Terrace<br>Newberry, FL 32669 | Flatscreen TV $250; Playstation 3 $200; games $180. | Debtors' residence |
| A. Livingston<br>407 NW 233rd Terrace<br>Newberry, FL 32669 | Wii $150; games $200; Nintendo DS $75; radio $35; music CDs $35; TV set $50. | Debtor's residence |

**15.  Prior address of debtor**

None
☒    If the debtor has moved within the three years immediately preceding the commencement of this case, list
all premises which the debtor occupied during that period and vacated prior to the commencement of this case.
If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16.  Spouses and Former Spouses**

None
☒    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska,
Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin)
within eight years immediately preceding the commencement of the case, identify the name of the debtor's
spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
☒
a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☒

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☒

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18. Nature, location and name of business**

None
☒
a.    If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or  was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 33107-302Y-01710 - Adobe PDF

b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☒

NAME                                                    ADDRESS

## [Questions 19 - 25 are not applicable to this case]

\*    \*    \*    \*    \*    \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date    12/19/2011                          Signature      /s/ Brian Deleon Livingston
                                            of Debtor      _____
                                                           BRIAN DELEON LIVINGSTON

Date    12/19/2011                          Signature      /s/ Rebecca Leann Hodge
                                            of Joint Debtor _____
                                                           REBECCA LEANN HODGE

                    0   continuation sheets attached

***Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §152 and 3571***

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and required under 11U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No. (Required by 11 U.S.C. § 110(c).)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____
Address

X_____          _____
Signature of Bankruptcy Petition Preparer          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. §156.***

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 33107-302Y-01710 - Adobe PDF

B203
12/94

# United States Bankruptcy Court
## Northern District of Florida

In re  Brian Deleon Livingston & Rebecca Leann Hodge

Case No. _____

Chapter _____13_____

Debtor(s)

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf  of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow s:

For legal services, I have agreed to accept ...........................................................  $  3,500.00

Prior to the filing of this statement I have received ........……………................  $  1,684.00

Balance Due ...........................................…………………………….................  $  1,816.00

2.  The source of compensation paid to me was:

☑ Debtor          ☐ Other (specify)

3.  The source of compensation to be paid to me is:

☑ Debtor          ☐ Other (specify)

4.  ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐  I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:
Representation of the debtor(s) in any discharge and/or dischargeability matters and/or challenges to claims of exemption.

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in the bankruptcy proceeding.

| | |
|---|---|
| 12/19/2011 | /s/ Lisa C. Cohen |
| *Date* | *Signature of Attorney* |
| | Ruff & Cohen |
| | *Name of law firm* |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-017I0 - Adobe PDF

Internal Revenue Service
P. O. Box 7346
Philadelphia, PA 19101-7346


1st Choice Immediate Care Center
128 Northwest 137th Drive
Newberry, FL 32669


1st Choice Immediate Care Center
128 NW 137th Drive
Newberry, FL 32669


Applied Bank
P.O. Box 17120
Wilmington, DE 19886-7120


Bank of America/The Bank of New York
P.O. Box 650070
Dallas, TX 75265-0070


Betsy B. Beers, MD/Dermatology Assoc.
350 NW 76th Drive, Suite A
Gainesville, FL 32607-6663


Campus USA Credit Union
P.O. Box 96099
Charlotte, NC 28296-0099


Chiropractic Associates of Gainesville
3703 SW 13th Street
Gainesville, FL 32608


Clinical Pathology Laboratories
6490 Hazeltine National Drive, Suite 170
Orlando, FL 32822-5155


Credit Collections USA
A/F Betsy B. Beers, MD
16 Distributor Drive, Suite 1
Morgantown, WV 26501-9920

Credit Collections USA
A/F Southeast Integrated Medica.
256 Greenbag Road, Suite 1
Morgantown, WV 26507-0873


Credit Collections USA
A/F Southeast Integrated Medica.
P.O Box 873
Morgantown, WV 26507-0873


Department of Treasury
Internal Revenue Service
Atlanta, GA 39901-0025


Diversified Consultants
A/F T-Mobile
P.O. Box 551268
Jacksonville, FL 32255-1268


Doctors Imaging Group
P.O. Box 147026
Gainesville, FL 32614


Florida Dept of Ag & Consumer Svcs
The Capitol
Tallahassee, FL 32399-0800


Gainesville Health & Fitness
12830 SW 1st Lane
Newberry, FL 32669


Gainesville Health & Fitness
4820 Newberry Road
Gainesville, FL 32607


GE Capital Retail Bank
c/o Leading Edge Recovery Sol.
5440 N. Cumberland Avenue, Suite 300
Chicago, IL 60656-1490


Gladstone Law Group, P.A.
A/F Bank of America/Bank of New York
1499 W. Palmetto Park Road, Suite 300
Boca Raton, FL 33486

Gulf Coast Collection Bureau
A/F University of Florida Physicians
5630 Marquesas Circle
Sarasota, FL 34233


Helzberg Diamonds
P. O. Box 49353
San Jose, CA 95161-9653


HSBC
A/F Helzberg Diamonds
P.O. Box 5226
Carol Stream, IL 60197-5226


HSBC
P.O. Box 5222
Carol Stream, IL 60197-5222


Laboratory Corp. of America Holdings
P.O. Box 2240
Burlington, NC 27216-2240


Leading Edge Recovery Sol.
A/F GE Capital Retail Bank
5440 N. Cumberland Avenue, Suite 300
Chicago, IL 60656-1490


MACD
A/F 1st Choice Immediate Care Center
P.O. Box 2842
Tampa, FL 33601-2842


McKenzie Noel
4183 Brooker St.
Orlando, FL 32811


Ocwen Loan Servicing, LLC
P.O. Box 6440
Carol Stream, IL 60197-6440


Park Avenue Dental
912-B NW 56 Terrace
Gainesville, FL 32605-6404

Sallie Mae
P.O. Box 9500
Wilkes Barre, PA 18773-9500


Shands Healthcare
P.O. Box 48458
Oak Park, MI 48237


Southeast Integarted Medical
4881 NW 8th Avenue, Suite 2
Gainesville, FL 32605-4218


Stephen E. Landay, M.D.
7109 NW 11th Place, Suite E
Gainesville, FL 32669


Stuart Sussman
137 Eighth St.
W. Keansburg, NJ 07734


T-Mobile
3606 Southwest Archer Road
Gainesville, FL 32608


University of Florida Physicians
P.O. Box 830913
Birmingham, AL 35283-0913


University of Florida Physicians
P.O. Box 830913
Birmingham, AL 35283-0913

# UNITED STATES BANKRUPTCY COURT
## Northern District of Florida

In re   Brian Deleon Livingston & Rebecca Leann Hodge   ,

Debtor

Case No. _____

Chapter       13

# VERIFICATION OF LIST OF CREDITORS

I hereby certify under penalty of perjury that the attached List of Creditors which consists of 4 pages, is true, correct and complete to the best of my knowledge.

Date   12/19/2011 _____

Signature
of Debtor

/s/ Brian Deleon Livingston

BRIAN DELEON LIVINGSTON

Date   12/19/2011 _____

Signature
of Joint Debtor

/s/ Rebecca Leann Hodge

REBECCA LEANN HODGE

Lisa C. Cohen
Ruff & Cohen
4010 Newberry Road,
Ste. G
Gainesville, FL 32607
(352) 376-3601
(352) 378-1261

B22C (Official Form 22C) (Chapter 13) (12/10)

In re ___Brian Deleon Livingston & Rebecca Leann Hodge___
              Debtor(s)

Case Number: _____
                   (If known)

| According to the calculations required by this statement: |
|---|
| ☐ **The applicable commitment period is 3 years.** |
| ☑ **The applicable commitment period is 5 years.** |
| ☑ **Disposable income is determined under § 1325(b)(3).** |
| ☐ **Disposable income not determined under § 1325(b)(3).** |
| (Check the boxes as directed in Lines 17 and 23 of this statement.) |

## CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
## AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedule I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| Part I. REPORT OF INCOME | | |
|---|---|---|

| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. <br> **a.** ☐ **Unmarried.** Complete only Column A ("Debtor's Income") for Lines 2-10. <br> **b.** ☑ **Married.** Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10. | | |
|---|---|---|---|

| | | **Column A** Debtor's Income | **Column B** Spouse's Income |
|---|---|---|---|
| 1 | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 5,034.15 | $ 5,582.93 |

| 3 | Income from the operation of a business, profession or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | |
|---|---|---|---|

| a. | Gross receipts | $                0.00 |
|---|---|---|
| b. | Ordinary and necessary business expenses | $                0.00 |
| c. | Business income | Subtract Line b from Line a |

Line 3: $ 0.00 | $ 0.00

| 4 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | |
|---|---|---|---|

| a. | Gross receipts | $                0.00 |
|---|---|---|
| b. | Ordinary and necessary operating expenses | $                0.00 |
| c. | Rent and other real property income | Subtract Line b from Line a |

Line 4: $ 0.00 | $ 0.00

| 5 | **Interest, dividends and royalties.** | $ 0.00 | $ 0.00 |
|---|---|---|---|
| 6 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ 0.00 | $ 0.00 |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-01710 - Adobe PDF

| | | | |
|---|---|---|---|
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ \_\_\_\_0.00\_\_\_    Spouse $ \_\_\_\_0.00\_\_\_ | $        0.00 | $        0.00 |
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>a. _____ $   50.51<br>b. _____ $    0.00 | $        0.00 | $       50.51 |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $   5,034.15 | $   5,633.44 |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | $   10,667.59 |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| | | |
|---|---|---|
| 12 | **Enter the Amount from Line 11.** | $ 10,667.59 |
| 13 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero.<br><br>a. _____ $   0.00<br>b. _____ $   0.00<br>c. _____ $   0.00<br><br>Total and enter on Line 13. | $   0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $ 10,667.59 |
| 15 | **Annualized current monthly income for §1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $128,011.08 |
| 16 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence:    Florida    b. Enter debtor's household size: \_\_\_\_4\_\_\_\_ | $ 62,742.00 |
| 17 | **Application of §1325(b)(4).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br><br>☑ **The amount on Line 15 is more than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| | | |
|---|---|---|
| 18 | **Enter the Amount from Line11.** | $ 10,667.59 |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 33107-302Y-01710 - Adobe PDF

B22C (Official Form 22C) (Chapter 13) (12/10) - Cont.

3

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 33107-30ZY-017I0 - Adobe PDF

| | | | |
|---|---|---|---|
| 19 | **Marital adjustment**. If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify, in the lines below, the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | |

| | | | |
|---|---|---|---|
| | a. | | $ 0.00 |
| | b. | | $ 0.00 |
| | c. | | $ 0.00 |

Total and enter on Line 19. $ 0.00

| 20 | **Current monthly income for §1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ 10,667.59 |
|---|---|---|
| 21 | **Annualized current monthly income for §1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ 128,011.08 |
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ 62,742.00 |

| 23 | **Application of §1325(b)(3).** Check the applicable box and proceed as directed. <br><br> ☑ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under §1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement. <br><br> ☐ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under §1325(b)(3)" at the top of page 1 of this statement and continue with Part VII of this statement. **Do not complete Parts IV, V or VI.** |
|---|---|

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ 1,377.00 |
|---|---|---|

| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. |
|---|---|

| Persons under 65 years of age | | | Persons 65 years of age or older | | | |
|---|---|---|---|---|---|---|
| a1. | Allowance per person | 60.00 | a2. | Allowance per person | 144.00 | |
| b1 | Number of persons | 4 | b2. | Number of persons | 0 | |
| c1. | Subtotal | 240.00 | c2. | Subtotal | 0.00 | $ 240.00 |

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ 540.00 |
|---|---|---|

B22C (Official Form 22C) (Chapter 13) (12/10) - Cont.

4

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** <span style="color:red">ALACHUA COUNTY</span> | | | |
|---|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $            960.00 | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $          1,524.48 | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $        0.00 |

| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $        0.00 |
|---|---|---|

| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. <span style="color:red">SOUTH REGION</span><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0  ☐ 1  ☑ 2 or more.<br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $      488.00 |
|---|---|---|

| 27B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from the IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $        0.00 |
|---|---|---|

| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1  ☐ 2 or more.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.** | | | |
|---|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $            496.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $            0.00 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $        0.00 |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-01710 - Adobe PDF

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 31107-302Y-01710 - Adobe PDF

| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ 496.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ 0.00 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ 0.00 |

| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ 1,937.83 |
|---|---|---|
| 31 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ 0.00 |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ 43.29 |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due support obligations included in Line 49.** | $ 0.00 |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ 0.00 |
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ 0.00 |
| 36 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ 65.00 |
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunications services other than your basic home telephone and cell phone service – such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ 0.00 |
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $ 4,691.12 |

| **Subpart B: Additional Living Expense Deductions**<br>**Note: Do not include any expenses that you have listed in Lines 24-37** |
|---|

B22C (Official Form 22C) (Chapter 13) (12/10) - Cont.   6

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 33107-302Y-01710 - Adobe PDF

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | |
|---|---|---|

| | a. | Health Insurance | $    312.63 |
|---|---|---|---|
| | b. | Disability Insurance | $    19.04 |
| | c. | Health Savings Account | $    0.00 |

Total and enter on Line 39
**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:
$    0.00

$    331.67

| 40 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | $    0.00 |
|---|---|---|
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $    0.00 |
| 42 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $    0.00 |
| 43 | **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $    0.00 |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $    0.00 |
| 45 | **Charitable contributions.**   Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2).  **Do not include any amount in excess of 15% of your gross monthly income.** | $    50.00 |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $    381.67 |

| **Subpart C: Deductions for Debt Payment** | |
|---|---|

| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes and insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60.  If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | |
|---|---|---|

| | | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? | |
|---|---|---|---|---|---|---|
| | a. | Bank of America | Homestead | $    1,524.48 | ☑ yes  ☐ no | |
| | b. | Oswen Loan Servicing | Homestead | $    190.56 | ☐ yes  ☑ no | |
| | c. | | | $    0.00 | ☐ yes  ☑ no | |
| | | | | Total: Add Lines a, b and c | | $    1,715.04 |

| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | | | |
|---|---|---|---|---|---|

|  | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | a.Bank of America | Homestead | $               7.22 |
| b. |  |  | $               0.00 |
| c. |  |  | $               0.00 |
|  |  |  | Total: Add Lines a, b and c |

| 48 | | | | | Total: Add Lines a, b and c | $               7.22 |
|---|---|---|---|---|---|---|

| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $               88.60 |
|---|---|---|

| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | |
|---|---|---|---|

|  |  |  |  |
|---|---|---|---|
| a. | Projected average monthly Chapter 13 plan payment. | $               0.00 | |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x               10 % | |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $               0.00 |

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $          1,810.86 |
|---|---|---|

| | **Subpart D: Total Deductions from Income** | |
|---|---|---|

| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $          6,883.65 |
|---|---|---|

## Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

| 53 | **Total current monthly income.** Enter the amount from Line 20. | $        10,667.59 |
|---|---|---|

| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $               0.00 |
|---|---|---|

| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $               0.00 |
|---|---|---|

| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $          6,883.65 |
|---|---|---|

| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of theses expenses and you must provide a detailed explanation of the special circumstances that make such expenses necessary and reasonable.** | | |
|---|---|---|---|

|  | Nature of special circumstances | Amount of expense |
|---|---|---|
| a. |  | $ |
| b. |  | $ |
| c. |  | $ |
|  |  | Total: Add Lines a, b and c |

| 57 | | | Total: Add Lines a, b and c | $               0.00 |
|---|---|---|---|---|

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.3-762 - 33107-302Y-01710 - Adobe PDF

| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56 and 57 and enter the result. | $ | 6,883.65 |
|----|----|----|----|
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ | 3,783.94 |

## Part VI: ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|----|----|

| | Expense Description | Monthly Amount |
|----|----|----|
| a. | | $            0.00 |
| b. | | $            0.00 |
| c. | | $            0.00 |
| | Total: Add Lines a, b and c | 0.00 |

## Part VII: VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)* |
|----|----|

Date: 12/19/2011            Signature:    /s/ Brian Deleon Livingston
                                              *(Debtor)*

Date: 12/19/2011            Signature:    /s/ Rebecca Leann Hodge
                                              *(Joint Debtor, if any)*

## Form 22 Continuation Sheet

| Income Month 1 | | |
|---|---|---|
| Gross wages, salary, tips... | 5,137.73 | 5,248.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

| Income Month 2 | | |
|---|---|---|
| Gross wages, salary, tips... | 5,137.73 | 5,248.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 56.25 |

| Income Month 3 | | |
|---|---|---|
| Gross wages, salary, tips... | 4,982.36 | 5,171.20 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 56.25 |

| Income Month 4 | | |
|---|---|---|
| Gross wages, salary, tips... | 4,982.36 | 5,094.40 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

| Income Month 5 | | |
|---|---|---|
| Gross wages, salary, tips... | 4,982.36 | 7,641.60 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

| Income Month 6 | | |
|---|---|---|
| Gross wages, salary, tips... | 4,982.36 | 5,094.40 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 190.58 |

## Additional Items as Designated, if any

## Remarks